WADE J. DAHOOD, Plaintiff and Appellant, v. J. J. Mc-
DONALD, Defendant and Respondent.
No. 10352.
Submitted May 14, 1962. Decided June 11, 1962.
Rehearing denied July 17, 1962.
372 P.2d 928.

454

Harold L. McChesney, Philipsburg (argued orally), Knight & Dahood and Wade J. Dahood, Anaconda (argued orally), for appellant.

Smith, Boone & Rimel and Russell E. Smith, Missoula (argued orally), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of nonsuit in an action brought by plaintiff, appellant here, to recover damages for an alleged tortious interference with a contract of employment. The particular contract of employment alleged was an oral contract between an attorney and his clients. The plaintiff is an attorney.

The situation giving rise to this action was that on June 9, 1956, one James Foley died. On June 14, 1956, David Foley, the only issue of the deceased, telephoned the plaintiff asking to discuss a legal matter. James Foley then went to plaintiff's home where he disclosed that his father had died, that he thought there was a will left, that he thought a will had been drafted by defendant while his father was in the hospital, that one Anna Connof had lived with his father twenty-three years and that he was confused as to his own legal position. He agreed to contact Anna Connof and come to plaintiff's office the following day.

The following day, James Foley and Anna Connof came to plaintiff's office. It was there that the alleged oral contract

was made. At the trial of the cause, the plaintiff presented but two witnesses, himself and his law associate or partner. The motion for nonsuit was made and granted. If any oral contract was proven, it was on the basis of the following testimony of plaintiff:

"A. Well, of course, as a lawyer; my first concern was to determine whether or not there was a Will, and Anna Connof stated that there was a Will, and that J. J. McDonald had drafted the Will while Mr. Foley, Senior, was in the Granite County Hospital, and she said that she believed that she was named the executrix of the Last Will. I asked her where the Will was, and she stated that the Will was in the possession of Mr. J. J. McDonald of Philipsburg. * * *"

and further:

"A. She [Anna Connoff] and Dave Foley both asked if I would represent them to probate the estate, and I said that I would."

The complaint had alleged:

"That on or about the 16th day of June, 1956, the said David Foley and the said Anna Connof, without solicitation freely and voluntarily went together to the law office of the plaintiff, Wade J. Dahood, and after extended discussion of the matter, both of them retained and made contract with the said plaintiff, Wade J. Dahood, to represent them as heirs of the estate of James Foley, deceased, and to do all things necessary to probate the said estate."

Yet, in the reply brief we find this statement: "The contract which was breached was with the Executrix *only* and that contract required that the will be upheld."

Notice the testimony heretofore recited to the effect that the parties had not seen a will and were not sure of its contents. So, we ask, what contract was made and with whom before we

can even consider whether there was a breach, tortious or otherwise?

To further clarify our inquiry we note that Anna Connof and Dave Foley paid the plaintiff $100 and $150 respectively so that any fees for legal advice were taken care of. The question is not as to a contract such as for legal advice, but as a contract to probate the estate. Many problems appear, but we shall look to but one facet of the situation.

■ The contract, as alleged and as sought to be proven, was that plaintiff would represent both Anna Connof and Dave Foley as heirs and probate the estate. With the circumstances of a natural son and a possible common-law wife situation ''standing out like a sore thumb'' at the time the alleged contract was made, the interests of Anna Connof and Dave Foley were diametrically opposed. At the time of the conversation, not knowing with certainty if there was a will, or if the will was in existence what its terms were, or if an executor was named, plaintiff could not and did not make a definite promise as to which or whom he would represent. The various conflicting situations are apparent without discussion. Plaintiff's promise had to be what might be termed an illusory one. His promise to perform reserved the option in him to determine who he would represent depending upon various eventualities. That this cannot be a binding promise, and thus a failure of consideration for a contract, seems clear. (See 137 A.L.R. p. 919 note.)

■ Thus we hold that the plaintiff failed to prove a contract which was a necessary matter to be proven. In making this determination we are aware that in considering a motion for nonsuit, the evidence is to be viewed in the light most favorable to the plaintiff. (Welch v. Nepstad, 135 Mont. 65, 337 P.2d 14.)

■ Also in Nissen v. Johnson, 135 Mont. 329, 333, 339 P.2d 651, 653, the rule on nonsuit is stated:

''No case should be taken from a jury on a motion for nonsuit where there is substantial evidence to support the

complaint but only where from the undisputed facts it appears as a matter of law that recovery cannot be had on any reasonable view of the established facts.

Here, the district court was correct in determining as a matter of law that no case was proven. No contract, as alleged, was shown to exist, and, before any other consideration to the case can be had, this was a necessary element.

Because of what has been said, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.

### ON PETITION FOR REHEARING

MR. CHIEF JUSTICE JAMES T. HARRISON:

Appellant has filed herein a petition for rehearing. In our view the petition for rehearing must be denied for the reasons set forth in the opinion of the court.

We wish to state, however, that the fact that the proof in the opinion of the trial court was not sufficient to sustain plaintiff's cause of action as to proof of a contract, and in which opinion we have concurred, does not mean that this court approves of the conduct of the defendant McDonald as the same appears from the record in this cause.

Defendant J. J. McDonald until May 29, 1941, was licensed to practice law in this state, but on said date an order disbarring and removing his name from the list of persons entitled to practice law was made and entered in this court. See Ex parte McDonald, 112 Mont. 129, 113 P.2d 790.

The record here indicates that McDonald drafted the will at issue in this cause and such action, if sustained by proof thereof, would constitute the unlicensed practice of law. Plaintiff had cause to complain of the actions of defendant, and is to be commended for his zeal in attempting to bring defendant to account

for his alleged tortious interference in the relations of attorney and client, but unfortunately sufficient proof was not made as to the existence of the contract of employment to sustain the burden of proof on plaintiff's behalf.

MR. JUSTICES DOYLE, CASTLES and JOHN C. HARRISON concur.